IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| VINCENT T. MOON, | ) | |
| Plaintiff, | ) | Case No. 7:21-cv-00607 |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| ROANOKE CITY SHERIFF OFFICE, | ) | Chief United States District Judge |
| et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Vincent T. Moon, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983. The case is now before the court for review under 28 U.S.C. § 1915A. Having reviewed the complaint, the court concludes that it must be summarily dismissed without prejudice for failure to state a claim against the named defendants.

## I.    Background

Moon is incarcerated at the Roanoke City Jail. Compl., ECF No. 1, at 1. He alleges that he was "placed on a special bland cardiac tray (special diet) because of a medical condition." Id. at 2. Nonetheless, "the kitchen" continued to send Moon "meals off [the] regular line." Id. As a result, Moon developed "sores" and "blisters" in his mouth. Id.

Moon seeks relief in the form of monetary damages and "early release." Id. He names as defendants the "Roanoke City Sheriff Office, Medical Dept. Ms. Stover, [and] Kitchen Supervisors." Id. at 1.

## II.     Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the court must dismiss a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III.     Discussion

Section 1983 imposes liability on any "person" who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983[,] a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" Loftus v. Bobzien, 848 F.3d 278, 284–85 (4th Cir. 2017) (quoting Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011)). The plaintiff must also show "that the official charged acted personally in the deprivation of the plaintiff['s] rights." Wilcox v. Brown, 877 F.3d 161, 170 (4th Cir. 2017).

Applying these principles, the court concludes that Moon's complaint fails to state a plausible claim for relief against any of the named defendants. The Roanoke City Sheriff's Office is not a "person" subject to liability under § 1983. See Revene v. Charles Cnty.

Comm'rs, 882 F.2d 870, 874 (4th Cir. 1989) (holding that the "Office of Sheriff" was not an entity amenable to suit under § 1983); see also Hardee v. City of Norfolk, No. 3:20-cv-00558, 2021 U.S. Dist. LEXIS 113860, at *5 (E.D. Va. June 17, 2021) ("[Plaintiff] names the Norfolk City Jail, the Norfolk Sheriff's Office, and the Office of the Norfolk Commonwealth's Attorney. These entities are not persons that can be sued under § 1983."). Consequently, the Sheriff's Office is not a proper defendant in this action.

Although state or local officials sued in their individual capacities are "persons" subject to suit under § 1983, Hafer v. Melo, 502 U.S. 21, 23 (1991), Moon fails to state a plausible claim against "Medical Dept. Ms. Stover" or the unidentified "Kitchen Supervisors." Aside from the case caption, the complaint does not mention Stover and therefore does not provide any indication as to what Stover did (or failed to do) to violate Moon's constitutional rights. Additionally, defendants cannot be held liable under § 1983 merely because they are supervisors or managers. Instead, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."* Iqbal, 556 U.S. at 676; see also Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (setting forth the elements necessary to establish supervisory liability under § 1983). Because the complaint does not satisfy this requirement with respect to Stover or the unidentified supervisors, Moon fails to state a claim against these defendants.

---

\* In this context, only "deliberate indifference" to an inmate's "serious medical needs" rises to the level of a constitutional violation. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Mere negligence is not actionable under § 1983. Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014) (citing Estelle, 429 U.S. at 106).

Finally, to the extent Moon seeks to be released from incarceration, such relief is not available in a § 1983 action. See Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (citing Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)).

### IV.    Conclusion

For the foregoing reasons, the court concludes that Moon's complaint is subject to dismissal under 28 U.S.C. § 1915A(b)(1) for failure to state a claim against the named defendants. Based on his status as a pro se litigant, however, the court will dismiss the action without prejudice and allow him an opportunity to file an amended complaint within thirty days, if he so chooses. An appropriate order will be entered.

Entered: June 3, 2022

Digitally signed by Michael F.
Urbanski       Chief U.S. District
Judge
Date: 2022.06.03 13:18:42 -04'00'

Michael F. Urbanski
Chief United States District Judge